IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AARON CHASE-KEYES,<br>    Plaintiff, | :<br>:<br>: |
| v. | :     CIVIL ACTION NO. 25-CV-6070 |
| | : |
| MONTGOMERY COUNTY PUBLIC<br>DEFENDER'S OFFICE, *et al.*,<br>    Defendants. | :<br>:<br>: |

## MEMORANDUM

**BEETLESTONE, C.J.**                                                                  **DECEMBER 23 , 2025**

Aaron Chase-Keyes filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 naming the Montgomery County Public Defender's Office, Prince Yukubu, and Greg Nester as Defendants.  Chase-Keyes also brings claims under state law and seeks leave to proceed *in forma pauperis*.  For the following reasons, leave to proceed *in forma pauperis* will be granted and the Complaint will be dismissed.

## I.     FACTUAL ALLEGATIONS[1]

Chase-Keyes's Complaint is based on alleged "constitutional and professional violations committed by attorneys Prince Yakubu and Greg Nester of the Montgomery County Public Defender's Office during representation in Case No. CP-46-CR-0001003-2024."[2]  (Compl. at 1.)

---

[1] The factual allegations are taken from Chase-Keyes's Complaint ("Compl."), which consists of six typewritten pages.  (ECF No. 1.)  The Court considers the entirety of the submission to constitute the Complaint and adopts the sequential pagination assigned by the CM/ECF docketing system.  The Court may also consider matters of public record when conducting a screening under § 1915.  *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

[2] A review of the public docket indicates that in January 2024, a state criminal case was filed against Chase-Keyes for possession of a firearm and recklessly endangering another person.  *See Commonwealth v. Chase-Keyes*, CP-46-CR-0001003-2024 (C.P. Montgomery).  The public docket reflects that both Yakubu and Nester previously entered appearances on behalf of Chase-

He asserts that Defendant Yakubu "ignored his requests for gunshot residue testing," refused to file a subpoena, and failed to make various legal arguments on his behalf. (*Id.* at 1-2.) He claims that "representation was improperly transferred from Yakubu to Nester instead of moving for dismissal." (*Id*. at 2.) He alleges that Attorney Nester "demanded [he] undergo two psychiatric evaluations without stated legal basis and instructed the examiner that a mental-health finding could override Rule 600 rights." (*Id*.) He complains that Yakubu and Nester "were inaccessible for weeks, failed to answer emails or calls, and took no substantive steps to defend the case," which "sabotaged [his] defense and extended unlawful detention beyond Rule 600 limits, contributing to ongoing false imprisonment." (*Id*.)

As a result of these events, Chase-Keyes brings claims, *inter alia*, for a violation of his due process rights, ineffective assistance of counsel, obstruction of justice,[3] and state law claims

---

Keyes, but that a different attorney with the Montgomery County Public Defender's Office currently represents him. (*Id*.)

[3] Chase-Keyes attempts to assert claims of obstruction of justice and witness tampering, citing to 18 U.S.C. § 1512. (*See* Compl. at 2.) However, criminal statutes generally do not give rise to a basis for civil liability. *See, e.g., Brown v. Progressive Specialty Ins. Co.*, 763 F. App'x 146, 147 (3d Cir. 2019) (*per curiam*) ("Brown's mere citation to various constitutional provisions cannot transform his state law claims into causes of action 'arising under' the Constitution."); *Brown v. City of Phila. Office of Human Res.*, 735 F. App'x 55, 56 (3d Cir. 2018) (*per curiam*) ("Brown alleges that the defendants violated various criminal statutes, but most do not provide a private cause of action."); *Palencia v. N. Point Veterans Program-Turning Point*, No. 20-1691, 2020 WL 7059557, at *1 (W.D. Pa. Dec. 2, 2020) ("18 U.S.C. § 1512 is a criminal statute that does not create a private cause of action.").

He also includes two pages of criminal charges he alleges "may be applicable." (Compl. at 5.) To the extent Chase-Keyes is requesting criminal charges, the Court cannot provide this relief because a "private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (finding that a citizen lacks standing to contest prosecutorial policies "when he himself is neither prosecuted nor threatened with prosecution") (citations omitted); *Lewis v. Jindal*, 368 F. App'x 613, 614 (5th Cir. 2010) ("It is well-settled that the decision whether to file criminal charges against an individual lies within the prosecutor's discretion, and private citizens do not have a constitutional right to compel criminal prosecution.") (citations omitted); *Smith v. Friel*, No. 19-943, 2019 WL 3025239, at *4 (M.D. Pa. June 4, 2019), *report and recommendation adopted*, 2019 WL 3003380 (M.D. Pa. July 10, 2019) (collecting cases and stating "courts have long held

for legal malpractice and breach of contract.  (*Id*. at 2.)  He seeks money damages, injunctive relief,[4] and a declaratory judgment that his constitutional rights were violated.[5]  (*Id*.)

## II.    STANDARD OF REVIEW

The Court grants Chase-Keyes leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether

---

that a civil rights plaintiff may not seek relief in civil litigation in the form of an order directing the criminal prosecution of some third parties").

[4] Chase-Keyes requests "formal recognition of [his] right to self-representation and dismissal of any false mental-health labeling or evaluations used to circumvent Rule 600." (Compl. at 2.)  The Court understands Chase-Keyes to request injunctive relief from orders issued in his state court criminal matter.  However, as a general matter, federal courts may not intervene in state criminal prosecutions.  *See Younger v. Harris*, 401 U.S. 37, 43-44 (1971) (recognizing that the "longstanding public policy against federal court interference with state court proceedings" generally requires federal courts to abstain from addressing issues in state criminal proceedings absent exceptional circumstances).  Thus, to the extent Chase-Keyes asks the Court to countermand rulings made in his state criminal matter, this Court may not do so. *See Borowski v. Kean Univ.*, 68 F.4th 844, 844 (3d Cir. 2023) (quoting *Younger*, 401 U.S. at 45) ("[T]he normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions.").

[5] Declaratory relief is unavailable to adjudicate past conduct, so his request for this type of relief will be dismissed.  *See Corliss v. O' Brien*, 200 F. App'x 80, 84 (3d Cir. 2006) (*per curiam*) ("Declaratory judgment is inappropriate solely to adjudicate past conduct" and is also not "meant simply to proclaim that one par y is liable to another."); *see also Andela v. Admin. Office of U.S. Courts*, 569 F. App'x 80, 83 (3d Cir. 2014) (*per curiam*) ("Declaratory judgments are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct.").  A declaratory judgment is also not "meant simply to proclaim that one party is liable to another."  *Corliss*, 200 F. App'x at 84 (*per curiam*); *see also Taggart v. Saltz*, No. 20-3574, 2021 WL 1191628, at *2 (3d Cir. Mar. 30, 2021) (*per curiam*) ("A declaratory judgment is available to define the legal rights of the parties, not to adjudicate past conduct where there is no threat of continuing harm.").

the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).  At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim.  *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  Because Chase-Keyes is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

Furthermore, the Court must dismiss any claims over which it lacks subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Grp. Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*").  A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction.  *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence.").

### III.    DISCUSSION

#### A.    Federal Law Claims

Chase-Keyes asserts his federal constitutional claims pursuant to § 1983, the vehicle by which such claims may be brought against state actors in federal court.  "Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors."  *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

4

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Groman v. Twp. of Manalapan*, 47 F .3d 628, 638 (3d Cir. 1995) ("The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law.").

Chase-Keyes asserts claims against the Montgomery County Public Defender's Office and two attorneys from that office who represented him in his state criminal matter. However, "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) (footnote omitted). "Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court." *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999); *see also Clark v. Punshon*, 516 F. App'x 97, 99 (3d Cir. 2013) (*per curiam*) (noting that a court-appointed attorney is not a state actor for purposes of § 1983); *Webb v. Chapman*, 852 F. App'x 659, 660 (3d Cir. 2021) (*per curiam*) ("[A]ttorneys representing individuals in criminal proceedings generally are not state actors for purposes of § 1983."); *Singh v. Freehold Police Dep't*, No. 21-10451, 2022 WL 1470528, at *2 (D.N.J. May 10, 2022) ("Plaintiff['s] dissatisfaction with the representation provided by Mr. Moschella does not provide a basis for a civil rights claim against him."). Because Chase-Keyes's claims against Yukubu and Nester arise out of their involvement in representing him in his state criminal case, his § 1983 claims against them are not plausible.

Since public defenders are not state actors "when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding," *Dodson*, 454 U.S. at 325 (footnote

5

omitted), their employing entities, *i.e.*, public defender's offices, have been treated similarly in this context. *See Dorn v. Aguilar*, 645 F. App'x 114, 115 (3d Cir. 2016) (*per curiam*) ("As explained by the District Court, Dorn did not state a claim for relief against his public defender and the public defender's office because neither is a state actor for purposes of § 1983."); *see also Gannaway v. PrimeCare Med., Inc*, 652 F. App'x 91, 95 (3d Cir. 2016) (*per curiam*) ("We also conclude that the District Court properly granted summary judgment to the defendants on Gannaway's claims against the Berks County Public Defender's Office and the appointed lawyers who represented him in criminal proceedings") (citation omitted).  Accordingly, Chase-Keyes' claims against the Montgomery County Public Defender's Office are also not plausible and will be dismissed with prejudice.[6]

### B.     State Law Claims

Because the Court has dismissed Chase-Keyes's federal claims, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any remaining state law claims.  Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between

---

[6] Chase-Keyes also attempts to bring a claim for ineffective assistance of counsel.  A review of public records reveals that Chase-Keyes's underlying state case is still pending.  *See Chase-Keyes*, CP-46-CR-0001003-2024.  If he is convicted and seeks to challenge that conviction in federal court based on ineffective assistance of counsel or other grounds, his only avenue for doing so is a *habeas* petition filed pursuant to 28 U.S.C. § 2254 after exhausting state remedies.  *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); *see also Davis v. Gauby*, 408 F. App'x 524, 526 (3d Cir. 2010) (*per curiam*) ("The portions of Davis's complaint that . . . charge his attorney with constitutionally inadequate representation, and challenge his sentence fall squarely within *Preiser* and cannot be brought under § 1983.").

. . . citizens of different States." Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln,* 800 F.3d at 104 (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).

Chase-Keyes alleges he is a resident of Pennsylvania and that Defendants Yukubu and Nester are employed by Montgomery County, which is located in this District. (*See* Compl. at 1.) This suggests that some, if not all, of the Defendants may also be Pennsylvania citizens. Accordingly, Chase-Keyes has not sufficiently alleged that the parties are diverse for purposes of establishing the Court's jurisdiction over any state law claims he intends to pursue.

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Chase-Keyes leave to proceed *in forma pauperis* and dismiss the Complaint.[7] His federal claims will be dismissed with prejudice because amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (stating that complaints dismissed under the Prison Litigation Reform Act should be with leave to amend "unless amendment would be inequitable or futile"); *see also Dorn*, 645 F. App'x at 115 (*per curiam*). His state law claims will be dismissed without

---

[7] Chase-Keyes also prematurely filed a proposed summons. (ECF No. 9.) Because this case did not pass statutory screening and will not proceed to the service stage, his summons will be stricken from the record as unauthorized.

prejudice, so Chase-Keyes can file these claims in the appropriate state court if he chooses to do so. The Court expresses no opinion on the merits of any such lawsuit.

An Order follows, which dismisses this case.

**BY THE COURT:**

**S/ WENDY BEETLSTONE**

_____

**WENDY BEETLESTONE, C. J.**